Jenner, J.
Jonathan Fryman, on the 4th day of September, 1893, died intestate, seized of certain real estate, situated in Delaware county, Ohio. September 12, 1894, his two sons, plaintiffs in error herein, filed a petition in the court of common pleas of said county for partition of said real estate. On the same day a summons was issued and served on one of the defendants, and the other defendants were brought in by publication, as required by statute.
The petition was regular in form, and plaintiffs were entitled to an order of partition unless section 5756, Revised Statutes, as amended March 20,1891, prohibits the commence-' ment of an action in partition for the period of one year from theadeath of the-ancestor from whom the estate came.
The defendants filed an answer and cross-petition, in which they admitted the averments of the petition, but denied the right of plaintiffs to file their petition, or commence the action, because the petition had been filed before the expiration of the year from the death of the ancestor, and did not set forth that all the debts and claims against the estate had been paid or secured or that there was personal property sufficient to pay them. And by way of cross-petition defendants prayed for partition. ' A demurrer was filed to the answer and cross-petition.
The court below held that the petition had been prema-. turely filed, and dismissed it at the costs of the plaintiffs. This is the error complained of.
What is the effect of the amendment to section 5756 as to the time when a petition may be filed or an action in parti *93 tion commenced? The proviso was added by way of amendment to the original section. The section as amended reads as follows:
Section 5756. “A person entitled to partition of an estate may file his petition fherefor in the court of common pleas, setting forth the nature of his title, and a pertinent description of the lands, tenements or hereditaments of which partition is demanded, and naming each tenant in commoD, coparcener, or other person interested therein as defendants. Provided, however, that when the title to such estate came to such person by descent or devise upon the death of an inhabitant of the state, a partition thereof shall not be ordered by the court within one year from the date of the death of spch inhabitant, unless the petition shall set forth and it be proved that all of the debts and claims against the estate of such decedent have been paid, or secured to be paid, or that the personal property of said deceased is sufficient to pay the same.”
It is said the object of the amendment is to prevent a partition and sale of the real estate before a reasonable time has elapsed to ascertain the condition of the estate, and whether the personal assets will be sufficient to pay the debts. This would séem to be its purpose. Can it only be accomplished by construing the proviso to mean that a petition for partition cannot be filed or the action commenced within the year by the heir, unless the debts are paid or secured?
This proviso limiting the preceding provision of the section must be strictly construed. U. S. v. Dickion, 15 Pet. 141; Epps v. Epps, 17 Ill. 196.
While the legislative intent is to govern in the interpretation of a statute, if the intention is expressed in unambiguous terms, the words as written must be assumed to express the meaning intended to be conveyed'. The rule is sometimes stated in this form: “ that which the words declare is the meaning of an instrument.” This must be accepted as a prinple in the interpretation of every written instrument. “ The *94 legislature must be intended to mean what it has plainly expressed, and consequently there is no room for construction.” Endlich on Interpretation of Statutes, section 4.
These principles as to constitutional and statutory construction have been so frequently announced by the highest tribunals in our land, that I do not feel called upon to discuss them at length. Of the numerous authorities that might be cited, I will refer to but few ; Newell v. People, 7 N. Y. 9; People v. N. Y. C. R. R. Co., 24 N. Y. 486; Hyatt v. Taylor, 42 N. Y. 260; U. S. v. Hartwell, 6 Wall. 395; U. S. v. Wittberger, 5 Wheat. 95; Cooley’s Con. Lim., pp. 69 and 70. Judge Cooley, in the note on page 70, has collected the authorities on this point.
These well established rules of construction must govern us in determining the meaning of this section.
The time within which an heir might file a petition for partition, after the death of his ancestor, was' unlimited by the original section 5756. By the amendment it is provided that “a partition^ thereof shall not be ordered by the court within one year from the date of the death of such inhabitant, unless the petition shall set forth and it be proved that all the debts and claims against the estate of such decedent have been paid or secured to be paid, or that the personal property of said decedent is sufficient to pay the same.”
In what manner does the language of this amendment limit the original provision of this section, as to the time within which, the heir may file his petition ? There is not a word in the amendment on the subject of the time within, which the petition may be filed. Under the rule that the language of this proviso must be strictly construed in its limitation of the preceding provision of the section, how can the words used be construed to mean something different from what is plainly expressed. The language of the amendment is: “ A partition shall not be ordered by the court within one year from the date of the death of such inhabitant ”, unless the petition sets forth certain facts and proof of the facts be made on the hear *95 ing. It is not the time of filing the petition that is limited, but the time when partition may be ordered. The petition may be filed at any time, but the decree cannot be entered until the expiration, of the year. There can be no complication, no transfer of title until the decree is entered. The filing of the petition in no way interferes with the rights of creditors.
C. M. Wickham, foa plaintiff in error.
Jones & Little, for defendants in error.
If we but read the section in the light of the rule of strict construction applicable to this proviso, the intention of the legislature could not have been more clearly expressed, if to the amendment had been added the words: “ but the time of filing the petition is not intended to be limited.”
Counsel for defendant in error relies upon the case of Swihart v. Swihart, 7 C. C. R. 338, in which Judge Seney announced the opinion of the court; and Smith v. Montag, 32 W. L. B. 153, opinion by Judge Hunt, of the Superior Court of Cincinnati. We have examined these cases, and they appear to sustain the holding of the common pleas. Judge Seney says in his opinion that the right of the heir to commence an action in partition is denied for one year from the death of the ancestor; but this question, we conclude, was not involved in the decision of the case, by reference to the syllabus, and the three questions the judge expressly stated were considered by the court.
In Smith v. Montag, the question was directly involved, and we regret to say we are unable to concur in the construction given this section by the learned judge who announced that opinion. '
For the reasons given the judgment of the common pleas is reversed, and the cause remanded to that court for further proceedings according to law.